IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

JOSE BONILLA SOSA,

        Petitioner,

  vs.

PAMELA BONDI, Attorney General; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; DEPARTMENT OF HOMELAND SECURITY; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; IMMIGRATION AND CUSTOMS ENFORCEMENT; DAREN K. MARGOLIN, Director for Executive Office for Immigration Review;  EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; and DAVID EASTERWOOD, Acting Director, St. Paul Field Office, Immigration and Customs Enforcement,

        Defendants-Respondents.

Case No. 0:26-cv-00572-SHL-DTS

**ORDER GRANTING VERIFIED PETITION FOR WRIT OF HABEAS CORPUS**

## I.     INTRODUCTION.

Plaintiff Jose Bonilla Sosa is a native and citizen of Mexico who entered the United States without inspection twenty-five years ago and has been granted deferred action and employment authorization while awaiting ruling on his application for "U" visa status. On January 22, 2026, he was detained by Respondents without an arrest warrant. Respondents did not respond to his Verified Petition for Writ of Habeas Corpus by the Court-ordered deadline of January 28, 2026. Accordingly, the Court accepts as true the statements the Verified Petition. Based on those statements, the Court GRANTS his Verified Petition for Writ of Habeas Corpus and ORDERS that he be immediately released from custody, as Respondents had no lawful basis to arrest him.

## II.     FINDINGS OF FACT.

Petitioner is a native and citizen of Mexico. (ECF 1, ¶ 38.) He entered the United States without inspection more than twenty-five years ago. (Id., ¶ 39.) He is not in removal proceedings under 8 U.S.C. § 1229a. (Id., ¶ 40.) He is currently applying for a "U" visa and has been granted deferred action and employment authorization by United States Citizenship and Immigration Services ("USCIS"). (Id., ¶ 42.) He applied for U visa status on November 29, 2017, and has

1

attended all requested appointments during the pendency of his application. (Id., ¶ 43.) On January 22, 2026, Respondents detained Petitioner while he was fueling his vehicle. (Id., ¶ 45.) He has been detained without a judicial search warrant, judicial arrest warrant, or administrative warrant of arrest. (Id., ¶¶ 46, 79.) Petitioner did not attempt to flee, nor has he committed any criminal offenses that might implicate the mandatory detention provisions of 8 U.S.C. § 1226(c). (Id., ¶¶ 47–48.)

On January 23, 2026, the Court entered an Order to Show Cause requiring Respondents to answer the Verified Petition for Writ of Habeas Corpus on or before January 28, 2026. (ECF 3.) Respondents have not filed anything.

## III.   HABEAS CORPUS STANDARDS.

Petitioner is entitled to writ of habeas corpus if, as relevant here, "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Th[e] right [of habeas corpus] extends to those persons challenging the lawfulness of immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citing *Demore v. Kim*, 538 U.S. 510, 517 (2003) and *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001)). The Court presumes that Petitioner bears the burden of proving by a preponderance of the evidence that his detention is unlawful. *See Walker v. Johnston*, 312 U.S. 275, 286–87 (1941); *see also Bradin v. U.S. Prob. & Pretrial Servs.*, No. 22-3032, 2022 WL 1154622, at *3 (D. Kan. Apr. 19, 2022) (collecting cases).

## IV.   LEGAL ANALYSIS.

### A. Petitioner Has Established that He Is Not Subject to Mandatory Detention Under 8 U.S.C. § 1225(b)(2).

Petitioner asserts in his Verified Petition that he has legal employment authorization, is not in removal proceedings, and was arrested without a warrant (administrative or otherwise). Respondents have not responded to these allegations at all, much less offered evidence of a warrant or pending removal proceedings. Accordingly, the conclusion is straightforward: Petitioner must be immediately released from custody.

In his Verified Petition, Petitioner appeared to expect that Respondents would argue that he is subject to mandatory detention as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a)(1), which means "[a]n alien present in the United States who has not been admitted or who arrives in the United States." In turn, § 1225(b)(2) states that "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be

2

admitted, the alien shall be detained for a proceeding under section 1229a of this title." In an abundance of caution, the Court will explain why any attempt on Respondents' part to rely on these provisions would fail.

As a threshold matter, most courts to have considered the issue have concluded that a person who has been in the country for as long as Petitioner is not an "applicant for admission" subject to mandatory detention under §§ 1225(a) and (b)(2), but rather is governed by 8 U.S.C. § 1226(a), which permits discretionary release. *See, e.g.*, *Helbrum v. Williams Olson*, 4:25-cv-00349-SHL-SBJ, 2025 WL 2840273, at *4 (S.D. Iowa Sept. 30, 2025); *Barrajas v. Noem*, No. 4:25-cv-00322-SHL-HCA, 2025 WL 2717650, at *4–5 (S.D. Iowa Sept. 23, 2025); *Hasan v. Crawford*, 800 F. Supp. 3d 641, 651–57 (E.D. Va. 2025); *Romero v. Hyde*, 795 F. Supp. 3d 271, 281–88 (D. Mass. 2025); *see also Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (stating that § 1226(a) applies to "certain aliens already in the country"). It would be especially difficult on this record to conclude that Petitioner is subject to mandatory detention given that he has been in the United States more than twenty-five years in total, at last eight of which have been with the full awareness of immigration officials based on filing of the U visa application in November 2017. Indeed, Petitioner even has lawful work authorization. It is difficult to understand how he could spend this long in the community and have received permission to work if he was subject to mandatory detention all along. *See Hyppolite v. Noem*, --- F. Supp. 3d ----, 2025 WL 2829511, at *12 (E.D.N.Y. Oct. 6, 2025) ("For DHS was not only well aware that he had resided with his U.S. citizen father in New York for over two-and-one-half years before they arrested him; they also provided him with work authorization on June 7, 2025, just one month before he was detained. If his detention is and has always been 'mandatory' under § 1225(2)(A), as Respondents now claim, it is hard to see how the United States government would, or even could, have granted him permission to seek employment outside the confines of an ICE detention facility as recently as June 2025.").

The Court need not even decide whether Petitioner is governed by § 1225(a) or § 1226(a), however, because even if it is the former there is no basis in the record to conclude that he is subject to mandatory detention under § 1225(b)(2). The Court reaches this conclusion for two reasons. First, § 1225(b)(2) requires mandatory detention only when an "examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted." Here, there is nothing in the record to indicate that any "examining immigration officer"

3

has communicated with Petitioner at all, much less that any such officer has determined that Petitioner "is not clearly and beyond a doubt entitled to be admitted." At most, the record simply establishes that an ICE officer arrested him on January 22, 2026.

Second, in order for mandatory detention to apply under § 1225(b)(2), there must be "a proceeding under section 1229a of this title." Which is to say, there must be a pending removal proceeding. The Verified Petition asserts that no such removal proceeding exists. Respondents have not tried to demonstrate otherwise. Accordingly, even if Petitioner is an "applicant for admission" as defined in § 1225(a), there is no basis on this record to conclude that he is subject to mandatory detention.

### B.   There Is No Basis for Detention Under 8 U.S.C. § 1226(a).

Detention is also impermissible—even temporarily—if Petitioner is governed by § 1226(a). Under § 1226(a), the arrest and detention of an alien must be "[o]n a warrant issued by the Attorney General." The Verified Petition asserts that no such warrant exists. Respondents have not presented evidence to the contrary. "[A]bsent a warrant a noncitizen may not be arrested and detained under section 1226(a)." *Ahmed M. v. Bondi*, No. 25-CV-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *see also Chogllo Chafla v. Scott*, --- F. Supp. 3d ----, 2025 WL 2688541, at *11 (D. Me. Sept. 21, 2025), *appeal filed* (Nov. 6, 2025)). Petitioner therefore must be immediately released. *See Ahmed M.*, 2026 WL 25627, at *3 ("'[R]elease is an available and appropriate remedy' for 'detention that lacks a lawful predicate.'").

## V.   CONCLUSION.

Based on the foregoing, IT IS ORDERED THAT:

1.  Petitioner's Verified Petition for Writ of Habeas Corpus (ECF 1) is GRANTED.

2.  If Petitioner is in Minnesota, Respondents must immediately release him from custody. If Petitioner is not in Minnesota, Respondents must return him to Minnesota within twenty-four hours and then immediately release him from custody. Respondents shall release Petitioner with all of his personal effects, including driver's license, immigration papers, passport, cell phones, and keys.

3.  Within three days of the date of this Order, the Parties shall confirm that Petitioner has been released as required by this Order.

4

**IT IS SO ORDERED.**

Dated: January 30, 2026

STEPHEN H. LOCHER
U.S. DISTRICT JUDGE